UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20119-CR-UNGARO

UNITED STATES OF AMERICA

v.

DAVID ZARAGOZA,

    Defendant.
_____/

<u>ORDER ON MOTION TO QUASH</u>

    THIS CAUSE is before the Court on Defendant Zaragoza's Motion to Quash. (D.E. 47.)

    THE COURT has reviewed the motion and the pertinent portions of the record and is otherwise fully advised of the premises.

    By way of background, Defendant David Zaragoza is charged with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. Agents of the Drug Enforcement Agency (DEA) arrested Zaragoza on April 7, 2012. In the course of arresting Zaragoza, the DEA agents seized his Apple iPhone. The DEA then requested, and received, a warrant to search the contents of Zaragoza's iPhone. Zaragoza challenges the validity of the warrant by separate motion, but its validity is not at issue here.

    Upon examination of the iPhone, the DEA agents discovered that it was password-protected and that they could not bypass the lock screen. The DEA therefore requested and received an order, pursuant to the All Writs Act, 28 U.S.C.

§ 1651, directing Apple, Inc. ("Apple"), the manufacturer of the iPhone, to provide technical assistance to law enforcement agents by unlocking and accessing the data on the iPhone ("AWA Order"). Zaragoza now moves to quash that order.

Zaragoza makes two arguments. First, he argues that the All Writs Act does not authorize the Court to compel a private, third party to assist the Government by unlocking and searching a cell phone for data. Second, Zaragoza argues that allowing Apple, a private party, to access his iPhone is an unreasonable intrusion into his private property, and is therefore barred by the Fourth Amendment's prohibition on unreasonable seizures.

Upon careful consideration, the Court concludes that Zaragoza lacks standing to challenge the AWA Order. As a prudential matter, a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The AWA Order compels Apple to provide services to assist law enforcement in searching Zaragoza's phone. It places Apple's interests at stake by requiring Apple to provide information, expertise, and technical assistance to the Government. Although the iPhone to be searched belongs to Zaragoza, this order does not implicate Zaragoza's interest in the iPhone. That incursion is the result of the search warrant, and the AWA Order neither expands nor contracts the scope of the search authorized by the search warrant.

Zaragoza attempts to place his Fourth Amendment rights at issue by arguing that the AWA Order expands the scope of the search or intensifies the nature of the

incursion on his privacy. These arguments are without merit. It is well-established that the Fourth Amendment permits law enforcement to employ the assistance of private, third-parties in the execution of a warrant. *Compare Wilson v. Layne*, 526 U.S. 603, 614 (1999) ("We hold that it is a violation of the Fourth Amendment for police to bring members of the media or other third parties into a home during the execution of a warrant when the presence of the third parties in the home was not in aid of the execution of the warrant."), *with* 18 U.S.C. § 3105 ("A search warrant may in all cases be served by any of the officers mentioned in its direction or by an officer authorized by law to serve such warrant, but by no other person, *except in aid of the officer on his requiring it*, he being present and acting in its execution) (emphasis added); *and Bellville v. Town of Northboro*, 375 F.3d 25, 32 (1st Cir. 2004) ("Federal constitutional law does not proscribe the use of civilians in searches."); *and United States v. Bach*, 310 F.3d 1063, 1067 (8th Cir. 2002) ("We hold that the search and seizure of Bach's e-mail files from Yahoo!'s server by Yahoo!'s technicians was reasonable under the Fourth Amendment."); *and United States v. Robertson*, 21 F.3d 1030 (10th Cir. 1994) (finding police officer's use of third-party victim to identify items listed in warrant proper); *and Ayeni v. Mottola*, 35 F.3d 680, 687 (2d Cir. 1994) ("[T]he presence of a third party who is assisting authorized officers in their search does not violate the Fourth Amendment's reasonableness requirement.").

    Therefore, law enforcement may enlist Apple's expertise pursuant to the

search warrant alone. The AWA Order simply compels Apple to provide assistance, and neither expands, nor contracts, the intrusion into Zaragoza's Fourth Amendment rights.

The prudential rule against third-party standing is not merely a procedural block, but serves the important purpose of ensuring that the party bringing the claim has sufficient information and incentive to bring a proper challenge. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("This rule assumes that the party with the right has the appropriate incentive to challenge (or not challenge) governmental action and to do so with the necessary zeal and appropriate presentation.").

The present case is illustrative. To determine whether the All Writs Act provided sufficient authority to compel a third party to assist law enforcement, the Supreme Court, in *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977), considered the following factors: (1) whether the third party had a duty to serve the public, (2) the amount of effort the third-party would need to expend to provide assistance, (3) whether the third-party's involvement was necessary to effectuate the search, and (4) in the case of a third party that is a company, whether complying with the order would disrupt the company's operations. *Id.* at 174-75. In this case, the party best-positioned to oppose, or to choose to not oppose, the AWA Order is Apple, because Apple bears the burden to comply with that order. Furthermore, Apple is the only party that can inform the court of highly-relevant facts–such as the amount of effort that is required to unlock and obtain information from the iPhone and the extent to

which complying with the order would interfere with Apple's daily operations.

The Court therefore concludes that Zaragoza lacks standing to challenge the AWA Order. Accordingly, it is

ORDERED AND ADJUDGED that the motion (D.E. 47) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of July, 2012.

                                                       _____
                                                       URSULA UNGARO
                                                       UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record