UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20119-CR-UNGARO/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID ZARAGOZA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO SUPPRESS**

This cause came before this Court on Defendant's Motion to Suppress Evidence and request for a *Franks v. Delaware* Evidentiary Hearing. [D.E. 52].[1] The Government filed a response in opposition to the suppression motion and the request for a *Franks* hearing. [D.E. 61]. For the reasons discussed below, Defendant's Motion should be **DENIED**.

### *I.  BACKGROUND*

Defendant is charged with conspiracy to possess with intent to distribute methamphetamine. The series of events relating to Defendant's motion are as follows. On February 10, 2012, Defendant's accused co-conspirator and the cooperating defendant in this case, Orlando Barranco ("Barranco"), was arrested and his residence

---

[1] These motions were referred to the undersigned Magistrate Judge by the Honorable Ursula Ungaro for a Report and Recommendation, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules for the Southern District of Florida. [D.E. 53].

searched pursuant to a federal arrest warrant. The search of Barranco's residence exposed multiple ounces of methamphetamine. Also, at the time of his arrest, Defendant's cellular telephone was seized. A consensual search of Barranco's cellular telephone revealed numerous text messages between Barranco's cellular telephone number, (786) 400-3205, and telephone number (936) 419-6055, which was listed under Barraco's contacts as "David Saragoza."[2] In a post *Miranda* interview, Barranco stated that David Zaragoza was his source of supply for the methamphetamine.

Text messages exchanged between Barranco and Defendant corroborated Barranco's statement. Specifically, the search warrant affidavits at issue chronicle the following exchanges:

- A text message sent from cellular telephone number (936) 419-6055 to the cooperating defendant's cellular telephone number at (786) 400-3205 on February 9, 2012, stated that the "Tracking number is 971222368491."

- During the cooperating defendant's post-*Miranda* interview, he explained that the six ounces of methamphetamine seized during the search of his residence had been shipped in a Federal Express package, with the 971222368491 tracking number, to 420 N.E. 70th Street in Miami, Florida.

- The cooperating defendant further stated he had removed that methamphetamine from the Federal Express box, leaving the empty box at the location.

- Later that day, with the consent of S.M. who resided at 420 N.E. 70th Street, Miami, Florida, DEA agents seized a Federal Express box containing a torn shipping label bearing tracking number 971222368491.

- On November 12, 2011, a series of text messages were exchanged between (936) 419-6055 and the cooperating defendant's cellular telephone number at (786) 400-3205.

---

[2] Subscriber records furnished by Sprint for cellular telephone number (936) 419-6055, also identified the subscriber of the Device as David Zaragoza

- A text message from (936) 419-6055 was sent to the cooperating defendant's cellular telephone number at (786) 400-3205, which stated "What does ur schedule look like toda[y]." The cooperating defendant repelied to cellular telephone number (936) 419-0655 with "Hi, I could c u within the hour."

- A text message from (936) 419-6055 was then sent to the cooperating defendant's cellular telephone number at (786) 400-3205 with "Cool we r still at the hotel."

- In a post *Miranda* statement, the cooperating defendant admitted that he met with defendant Zaragoza at a hotel in Fort Lauderdale, Florida in November 2011.

- On November 15, 2011, a confidential source (CS) made a control buy of methamphetamine from the cooperating defendant.

- On January 27, 2012, the CS made a second controlled buy of methamphetamine from the cooperating defendant.

- During the investigation, DEA agents identified cellular telephone number (786) 400-3205 as a number being utilized by the cooperating defendant. A toll analysis of the cooperating defendant's cellular telephone records revealed multiple calls between the cooperating defendant's cellular telephone number (786) 400-3205 and telephone number (936) 419-6055. David Zaragoza of 2320 Taylor Street, Apartment No. 23420, Dallas, Texas, is listed as the subscriber of cellular telephone number (936) 419-6055.

- On January 24, 2012, two text messages were sent from cellular telephone number (936) 419-6055 to to the cooperating defendant's cellular telephone at (786)400-3205 which read: "Hey I am headed to Dallas tomorrow so if we need to reorder we need to do it today or tomorrow Morning cause we will be there for a couple of days that way we" and "can get it sent out."

- On January 25, 2012, two more text messages were sent from cellular telephone number (936) 419-6055 to the cooperating defendant's cellular telephone number at (786) 400-3205, which read: "The address to send the remaining amount" and "David z 574 warn sands dr. room 11 Palm [S]prings, CA 92264."

On February 23, 2012, Defendant was indicted and a warrant was issued for his arrest. However, Defendant was not immediately arrested, and so on March 26, 2012, City of Dallas Police Officer Leonard Standige, who is a Task Force Officer with the Dallas DEA Office, obtained a court order authorizing the installation and use of a

mobile tracking device on Defendant's additional cellular telephone, number (310) 686-1036. On April 7, 2012, cell phone location information indicated that Defendant was near a hotel in West Hollywood California. Later that day, Defendant was arrested, and his cell phone was seized incident to arrest.

Prior to Defendant's arrest, on March 29, 2012, the Honorable Peter Palermo issued a court order for cell site location data and subscriber information. The Government sought disclosure of records identifying the listed subscriber, authorized uses, billing address, payment history, and service information from November 11, 2011, through February 23, 2012. The affiant, Special Agent Brian Warner, submitted that there were reasonable grounds to believe that these records were relevant to the ongoing investigation of Defendant.

Following Defendant's arrest, Special Agent Stephen Kepper applied for a search warrant to search the contents of Defendant's iPhone, which was seized incident to his arrest. The affidavit supporting the issuance of that warrant contained substantially the same information as the application for cell site information and the earlier search warrant. The Honorable Patrick White issued the warrant to search Defendant's phone on June 1, 2012.

## II. ANALYSIS

Defendant proffers two reasons why the evidence obtained pursuant to the search warrant and court order should be suppressed and/or that a *Franks* hearing be held. First, Defendant asserts that the affidavits supporting the search warrant and court order for cell site location information contained misleading or incorrect facts as well as material omissions, all in violation of *Franks v. Delaware*, 438 U.S. 154 (1978).

Second, Defendant claims that the affidavits contained information that was too old to support a finding of probable cause. This Court will address each argument in turn.

### A. *False and/or Misleading Statements and* Franks v. Delaware

Defendant first contends that the affidavits supporting the search warrant and application for cell site location data and subscriber information omitted material facts with intent to deceive or with reckless disregard for the truth. Defendant asserts that the magistrate judges reviewing the affidavits would not have found probable cause if these material facts had been disclosed.

To obtain an evidentiary hearing, Defendant has the burden to make a "substantial preliminary showing" that 1) the affiant deliberately or recklessly included false statements or failed to include material information; and 2) the challenged statements or omissions were essential to a finding of probable cause. *United States v. Arbolaez*, 2006 WL 1493833 (11th Cir. 2006). In *Franks*, however, the Court noted that there is "a presumption of validity with respect to the affidavit supporting the search warrant." *Franks,* 438 U.S. at 171. Insignificant and immaterial misrepresentations or omissions will not invalidate a warrant. *See United States v. Sims*, 845 F.2d 1564, 1571 (11th Cir. 1978).

"To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine." *Franks*, 438 U.S. at 171. To challenge a facially valid affidavit,

> [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable

> statements of witnesses should be furnished, or their absence satisfactorily explained.

*United States v. Haimowitz*, 706 F.2d 1459, 1556 (11th Cir. 1983) (quoting *Franks*, 438 U.S. at 171); *see also United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 1990) (holding that where the defendants' motion to suppress was wholly lacking in sufficient factual allegations to establish standing, the district court did not abuse its discretion in refusing to hold an evidentiary hearing).

If a defendant is able to establish that there are material misrepresentations or omissions in a search warrant affidavit, the Court must then determine whether, when the misrepresentations are excised from the affidavit or the omissions added thereto, the affidavit still contains sufficient content to support a probable cause finding. *Sims*, 845 F.2d at 1571. If sufficient content remains, no hearing is required and the challenge to the warrant must be overruled. *Haimowitz*, 706 F.2d at 1556 (quoting *Franks*, 438 U.S. at 171-72).

Defendant claims that the affiants failed to disclose the following information about the cooperating defendant, Barranco:

> [Barranco] is a drug addict, has been a drug addict for a far reaching spell of history, and has developed a vast criminal record. Additionally, the drug-obsessed, cooperating defendant with a lengthy criminal track record was given a six-photo array and was asked to identify the person involved with the conspiracy to distribute methamphetamine. The cooperating defendant failed to identify the Defendant, David Zaragoza, whose photo was one of only six-photos.

[D.E. 52]. According to Defendant, the omission of this information from the affidavits "misled the magistrate judge," and if this information had been provided, probable cause would not have been established. [D.E. 52]. The Government, however, argues

that this information is immaterial. [D.E. 61]. In regard to the allegation that Barranco has a "vast criminal record," the Government argues that this is character information that is not material to a finding of probable cause. Furthermore, the Government points out that this allegation is unsubstantiated.[3] Also, the Government asserts that it was not necessary to disclose that Barranco failed to identify Defendant in a six-photo line-up because the affidavits contained sufficient corroborating facts of his involvement in the drug conspiracy.

Although Defendant asserts that information about Barranco's drug use and criminal history undermine his credibility, we are not persuaded that inclusion of this information would invalidate the warrants. Moreover, we find that the omission of the fact that Barranco failed to identify Defendant in a six-person line-up was immaterial. *See, e.g., Madiwale v. Savaiko*, 117 F.3d 1321, 1327 (11th Cir. 1997) ("[E]ven intentional or reckless omissions will invalidate a warrant only if inclusion of the omitted facts would have prevented a finding of probable cause."). We agree with the Government that the affidavits contain sufficient facts to corroborate Barranco's admission that Defendant was his drug source. Specifically, multiple text messages sent between Defendant and Barranco indicate Defendant's involvement in drug transactions, Defendant's name and address were identified by the telephone company as the subscriber for number (936) 419-6055, and Defendant's name was listed in Barranco's cellular telephone under contacts as "Saragoza." Furthermore, the FedEx shipping

---

[3] Defendant failed to provide any evidence of Barranco's vast criminal record, and the Government is only aware that Barranco has one prior arrest besides his arrest and indictment for the drug offenses in this case. [D.E. 61].

number sent by Defendant via text to Barranco corroborated Barranco's description of the logistics of the drug conspiracy. Hence, this drug transaction was not a "street level hand-to-hand business." Rather, the Defendant and Barranco would coordinate payment and shipment through text messages. Therefore, we find that the challenged omissions were immaterial.

Also, in regard to the application for cell site location information, even if the Court were to find that the omitted information would nullify the finding of probable cause, we nevertheless conclude that the Government has met its burden under 28 U.S.C. § 2703(d), which requires a lesser burden than probable cause. Under the Stored Communications Act, the Government must provide "specific and articulable facts showing that there are *reasonable grounds* to believe that the . . . records . . . sought, are relevant and material to an ongoing criminal investigation." *Id.* § 2703 (d) (emphasis added).[4]

Here, the Government sought an order directing disclosure of records identifying the listed subscriber, authorized uses, billing address, payment history, and service information from November 11, 2011, to February 23, 2012. The Government

---

[4] Notably, the Government was not seeking access to real-time tracking information in its application for cell site location information. *Cf. In re Application of the U.S. for an Order (1) Authorizing the Use of a Pen Register & a Trap & Trace Device*, 396 F. Supp. 2d 294, 308-09 (E.D.N.Y. 2005) (finding that Government's request to track subject in real-time was not obtainable under the Stored Communications Act; rather, request was effectively one for installation of tracking device, which requires at least a finding of probable cause). *But cf. In re United States for Historical Cell Site Data*, 747 F. Supp. 2d 827, 838 (S.D. Tex. 2010) (finding that historical cell site records are subject to Fourth Amendment Protection under the Prolonged Surveillance Doctrine).

submitted that these records were relevant and material to the ongoing investigation of Defendant because Defendant used his cellular telephone to facilitate drug transactions with Barranco. Specifically, the Government provided the following articulable facts: 1) Barranco's admission that Defendant was his drug source was corroborated by text messages sent between Defendant and Barranco; 2) Defendant's name and address were listed as the subscriber for cellular number (936) 419-6055; 3) Defendant's name and address were listed in Barranco's cellular telephone under contacts; and 4) that FedEx shipping numbers sent via text from Defendant's phone confirmed Barranco's description of the drug trafficking operation. Applying the standard prescribed by the Stored Communications Act, we find that there were reasonable grounds to believe that the records sought were relevant and material to the ongoing investigation of Defendant.

In short, even if these affidavits were required to support probable cause, they did so even if the alleged omissions were included. There is thus no basis for a *Franks* hearing and no basis to undermine the magistrate judges' issuance of the search warrants at issue.

### B.   *Staleness of Information Supporting Probable Cause*

Defendant also contends that the information contained in the search warrant affidavit was stale. According to Defendant, the text messages exchanged between Barranco and Defendant, dating back to November 12, 2011, were too old to create a sufficient probability that the relevant information was still saved on Defendant's iPhone at the time the warrant was issued, June 1, 2012. [D.E. 52]. Similarly, Defendant claims that the application for cell site location data and subscriber

information, dated March 29, 2012, was stale because it also included information dating back to November 12, 2011.

Warrant applications that contain stale information fail to establish probable cause that illegal activity is continuing. *United States v. Harris*, 20 F.3d 445, 450 (11th Cir.1994). Therefore, information supporting the Government's application for a search warrant must be timely. *Id.* "When reviewing staleness challenges [courts] do not apply some talismanic rule which establishes arbitrary time limitations for presenting information to a magistrate, rather [courts] review each case based on the unique facts presented." *Id.* Additionally, "the length of time between the date on which all of the facts supporting probable cause were known and the date the warrant was issued is only one factor." *United States v. Domme*, 753 F.2d 950, 953 (11th Cir.1985). "In addition to the length of time, courts should consider the 'nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched.'" *Bervaldi*, 226 F.3d at 1265 (quoting *Harris*, 20 F.3d at 450). "When the alleged criminal activity is ongoing, . . . it is unlikely that the passage of time will dissipate probable cause." *United States v. Hooshmand*, 931 F.2d 725, 735 (11th Cir. 1991).

In this case, Defendant was charged with conspiring to possess with intent to distribute over fifty grams of methamphetamine from November 2011, to February 2012. The affidavits allege that Defendant was involved in a drug trafficking conspiracy, which the Eleventh Circuit has found to be an "inherently protracted and continuous" activity. *United States v. Bascaro*, 742 F.2d 1335, 1345 (11th Cir. 1984)

*abrogated on other grounds by United States v. Lewis*, 492 F.3d 1219 (11th Cir. 2007). The continuous nature of the alleged crime is confirmed by Barranco's *post-Miranda* statement, as well as text messages sent and received between Defendant and Barranco throughout this period. Given the relatively brief period of time that elapsed between the date of the events disclosed in the affidavits (six months), and the ongoing nature of drug trafficking activities, we conclude that the information provided in the affidavits was not stale. *See Belvardi,* 226 F.3d at 1265 (finding that information obtained six months prior to date that warrant was issued was not stale); *Cauchon v. United States*, 824 F.2d 908, 911 (11th Cir. 1987) (finding that an eleven month lapse between DEA agent's receipt of informant's tip and agent's application for search warrant did not render tip stale).

### III.  CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge does hereby **RECOMMEND** that Defendant's Motion to Suppress Evidence and for *Franks v. Delaware* Hearing [D.E. 52] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have until August 1, 2012, to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B

1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 27th day of July, 2012.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge